**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4379**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KOURTNEY ALEXANDRA KING,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:18-cr-00048-FPS-JPM-1)

Submitted: January 6, 2020                          Decided: January 21, 2020

Before NIEMEYER, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia, for Appellant. Shawn Michael Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kourtney Alexandra King pled guilty pursuant to a plea agreement to misuse of a passport, in violation of 18 U.S.C. § 1544 (2018). The district court sentenced King to eight months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether the district court plainly erred in accepting King's guilty plea. King was informed of her right to file a pro se supplemental brief, but she has not done so. The Government elected not to file a brief and does not seek to enforce the appeal waiver in King's plea agreement.[*] We affirm.

Because King did not move in the district court to withdraw her guilty plea, the acceptance of her guilty plea is reviewed for plain error only. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected her substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets her burden to establish that a plain error affected her substantial rights by showing a reasonable probability that she would not have pled guilty but for the district court's Fed. R. Crim. P. 11 omissions. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).

---

[*] Because the Government fails to assert the appeal waiver as a bar to this appeal, we may consider the issue raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

Our review of the *Anders* brief and the transcript of the guilty plea hearing leads us to conclude that the district court's omissions under Rule 11 did not affect King's substantial rights. The transcript of the guilty plea hearing also reveals that the district court ensured that the plea was supported by an independent basis in fact and that King entered the plea knowingly and voluntarily and with an understanding of the consequences. Accordingly, we discern no plain error in the district court's acceptance of King's guilty plea. *See United States v. DeFusco*, 949 F.2d 114, 116, 120 (4th Cir. 1991).

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform King, in writing, of the right to petition the Supreme Court of the United States for further review. If King requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on King.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*